IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                Case No. 05-3219-SAC
                                       93-40003-08-SAC

ARTURO BRAZIER,

                Defendant.

MEMORANDUM AND ORDER

       This case comes before the court on defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

       On December 11, 1993, defendant was found guilty of one count of conspiracy to possess with intent to distribute crack cocaine, one count of possession with intent to distribute crack cocaine, and one count of use of a communication facility to possess with intent to distribute. Defendant was sentenced to a term of 188 months on the first two counts, and to 48 months on the third, all to run concurrently. Defendant appealed and his conviction and sentence were affirmed by the Tenth Circuit in May of 1996. On April 28, 1997, defendant's

filed his first 2255 motion, which was denied by this court on December 11, 1997. Soon thereafter, defendant moved for a certificate of appealability, and in August of 1998, the Tenth Circuit affirmed that denial.

After several years of inactivity in defendant's case, defendant filed this second motion pursuant to § 2255 on May 12, 2005. The sole contention made by defendant in this motion is that his sentence is unconstitutional because the court, rather than the jury, made findings of fact regarding drug amounts and defendant's role as a manager/supervisor which increased the length of his sentence, allegedly in violation of *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004).

This is not the first § 2255 motion filed by the defendant. Under 28 U.S.C. § 2244, a prisoner may not file a successive motion under § 2255 without first obtaining permission from the court of appeals. *See Daniels v. United States*, 254 F.3d 1180, 1188 (10th Cir.2001). Therefore, this court is without jurisdiction to rule on this filing. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir.1997). Had jurisdiction existed, the court would have informed defendant that the principles of *Blakely* and *Booker*, which are the sole basis for the present motion, simply do not apply retroactively to cases such as defendant's, which were final at the time those decisions were issued. *United States v. Bellamy*,

411 F.3d 1182, 2005 WL 1406176 (10th Cir.2005) (*Booker*); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.2005) (*Blakely* ).

IT IS THEREFORE ORDERED that the defendant's motion is an unauthorized successive § 2255 motion that must be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's motion (Dk. 493) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and the local office of the United States Attorney.

Dated this 31st day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge